## LOUIS R. KNAUFF, APPELLANT, v. ATLANTIC CITY, RESPONDENT.

Argued November 21, 1921—Decided February 9, 1922.

On appeal from the Atlantic County Circuit Court.

This was an action at law. There was a motion to strike out the defendant's answer, which was overruled and judgment was entered for the defendant and against the plaintiff. The facts are fully stated in the opinion of Donges, J., which is as follows:

"This is a motion to strike defendant's answer. There is no dispute as to the facts and it is agreed between counsel that the question of plaintiff's right to recover shall be determined on this motion. If the pleadings which have not been presented to me are in any respects insufficient to raise the real question to be determined, they may be amended.

"Plaintiff was a member of the uniform fire fighting force in Atlantic City in 1915. In accordance with the provisions of chapter 152 of the laws of 1915 (*Pamph. L., p.* 278) that act was accepted by the voters of Atlantic City by a majority of the votes cast for and against the acceptance of said act.

"That act is entitled 'An act relating to the division of the uniform fire fighting force, of certain cities of this state into two platoons,' and provides generally as follows:

" 'Section 1. The permanent officers and members of the uniform fire fighting force in every city of this state, except cities of the first class, shall be divided by the fire commissioner, board of fire commissioners, chief engineers, board of engineers, or other officer or officers having charge and control of such fire fighting force, into two bodies or platoons, which shall be designated as a day force and a night force, and said day force and night force shall alternate on tours of duty every fourth day.'

"Section 2 provides 'the hours of duty of the day force shall be from eight o'clock A. M. to six o'clock P. M., and the hours of duty of the night force shall be from six o'clock P. M. to eight o'clock the following morning,' and provides for the alternating of the day and night forces every fourth day.

"Section 3 provides for the use of the entire force in case of serious conflagration.

"Section 4 continues in force existing ordinances, &c., relating to salaries, vacations, &c.

"Section 5 provides for a referendum before act is operative in any city.

"Section 6 provides how the question shall be submitted and the election conducted. The last clause of this section reads: 'And if a majority of the votes cast for and against the acceptance of this act shall be found to be in, favor of its acceptance, it shall then, but not otherwise, become operative in such city.'

"The question of the acceptance of the act was submitted to the voters on November 2d, 1915; the result of the election was in favor of acceptance of the act; on November 8th, 1915, the county board of elections certified the result to the city clerk who received the same and filed it in his office on November 9th, 1915.

"In August, 1915, the budget for the fiscal year, September 1st, 1915, to August 31st, 1916, was prepared, and was

adopted September 9th, 1915, and finally approved by city council on September 17th, 1915. The appropriation was not sufficient to cover the increased cost of the two-platoon system, the act not having been submitted or adopted when the appropriation was approved. The succeeding appropriation approved September 2d, 1916, provided funds for the payment of firemen under the two-platoon system. Appropriate action was taken by the proper city officials to put the two-platoon system into effect on September 1st and September 2d, 1916, the beginning of the fiscal year. No action was theretofore taken and the old system of operation continued from the date of the election, November 2d, 1915, until September 1st, 1916. The plaintiff, with others, continued to work as theretofore, without complaint and without demand for action putting the two-platoon system into operation.

"The city alleges that no steps were taken to put the system into operation because no funds were available and that, prior to the adoption of chapter 92 of the laws of 1916 (*Pamph. L., p.* 179), approved March 16th, 1916, there was no lawful way to provide the necessary funds. Plaintiff insists that the provision of the act of 1915, for the division of the force into two platoons, became operative immediately following the election, and that all service for a greater number of hours than an average of twelve hours a day must be regarded as overtime, for which there is an implied promise on the part of the city to pay.

"I am unable to adopt plaintiff's view. It is admitted that plaintiff accepted a place in the fire department, for a stipulated salary for the service performed in accordance with the rules and regulations prescribed by the city. These conditions of employment were never changed by any act of the city officials in charge of the fire department. There was therefore no express contract changing the terms of plaintiff's employment. No recovery can be had upon the theory of an express contract between plaintiff and the city calling for an average day of twelve hours. Was an implied promise to

pay created by the acceptance by the voters of the act of 1915? I think not. It will be observed that the provisions of the act do not create two platoons by adoption of the act. The first section provides that the proper officer or officers of the city shall divide the force into two bodies, which shall thereafter have a specified designation and shall thereafter perform a specified number of hours of service, except in case of emergency.

"The provision of the act is that, after adoption, the force 'shall be divided by' appropriate action, and until that action is taken there is no two-platoon system and no change of hours of service of the members of the fire fighting force. Their status remains unchanged until the actual division is made. Whether such division might have been compelled by *mandamus* or other proceeding, it is not necessary to now discuss. The question is, Was plaintiff's contractual relationship to his employer, the city, changed by the election without the erection of the machinery necessary to operate under the adopted legislation? I conclude that it was not, and that until the division required to be made by the first section of the act was actually made, the system was not in operation and plaintiff's relationship to the city remained unchanged. As above stated, the acceptance of the act by the voters did not put the new system into operation. It merely permitted or required someone to do what the act required to put the system into effect. The plaintiff continued to work as theretofore and took no steps to compel the reduction of his working hours and received his salary for the service performed by him, in accordance with the regulations of the department existing during the entire time covering which recovery is sought. If he could have compelled the reduction of hours by requiring the platoon system to be put into operation, the performance of labor for a greater number of hours was voluntary.

"I am satisfied that plaintiff cannot recover as claimed and that the motion to strike out the defendant's answer must be denied."

For the appellant, *Clarence L. Cole.*

For the respondent, *W. Frank Sooy.*

PER CURIAM.

The judgment under review herein should be affirmed, for the reasons expressed in the opinion delivered by Donges, J., in the Circuit Court.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, KATZENBACH, WILLIAMS, GARDNER, VAN BUSKIRK, JJ. 13.

*For reversal*—None.